IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                                                     Nos. CIV 16-0582 JB/GBW
                                                                                CR 04-0788 JB

STEPHEN REX ALLEN,

    Defendant/Petitioner.

### MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

**THIS MATTER** comes before the Court on Defendant/Petitioner's Motion for Voluntary Dismissal Without Prejudice, filed March 13, 2017 (Doc. 18)("Motion"),[1] which he brings pursuant to rule 41(a)(2) of the Federal Rules of Civil Procedure. The Plaintiff/Respondent United States of America opposes the Motion on the basis that the dismissal should be with prejudice, but has failed to file a brief in support of its position.

Rule 41 permits dismissal of an action "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Absent legal prejudice to the respondent, the Court should typically allow voluntary dismissal. See Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997). Prejudice "does not arise simply because a second action . . . may be filed against the [respondent.]" Brown v. Baeke, 413 F.3d 1121, 1124 (10th Cir. 2005)(alterations added). Rather, in determining whether granting Defendant/Petitioner Stephen Rex Allen's Motion would cause legal prejudice to the United States, the Court should consider factors including "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of

---

[1] Citations refer to docket numbers filed in No. CIV 16-0582 JB/GBW. Citations to "CR. Doc." refer to the attendant criminal docket, No. CR 04-0788 JB. For filings made on both dockets, only the civil docket number is given.

litigation," although this list of factors is not exhaustive.  Ohlander v. Larson, 114 F.3d at 1537.  In determining whether prejudice will result from granting a voluntary dismissal, the Court "should endeavor to [ensure] substantial justice is accorded to both parties. . . . [and] therefore[] must consider the equities not only facing the [United States], but also those facing [Allen][.]"  Ohlander v. Larson, 114 F.3d at 1537 (alterations added).

Allen filed this habeas petition under 28 U.S.C. § 2255.  See Motion to Vacate and Correct Sentence Under 28 U.S.C. § 2255 and for Expedited Review, filed June 15, 2016 (Doc. 1)("§ 2255 Motion").  Therefore, the first Ohlander v. Larson factor -- Respondent's effort and expense in preparing for trial -- does not apply to the present action.  The Court acknowledges the effort and expense of the United States related to fully briefing Allen's § 2255 Motion, as well as its own Motion for Stay of Proceedings Pending the Supreme Court's Decision in *United States v. Beckles*, filed July 27, 2016 (Doc. 6)("Motion to Stay"), requesting a stay between July 7, 2016 and December 19, 2016.  See Motion to Stay at 1; Response in Opposition to the United States' Motion for Stay of Proceedings Pending the Supreme Court's Decision in *United States v. Beckles*, filed August 8, 2016 (Doc. 7); United States Reply to Defendant's Response in Opposition to Motion for Stay of Proceedings Pending the Supreme Court's Decision in *United States v. Beckles*, filed August 24, 2016 (Doc. 8); United States' Response to Defendant's Motion to Vacate, Set Aside, or Correct Sentence, filed December 2, 2016 (Doc. 11); Reply in Support of Defendant's Motion to Vacate, Set Aside, or Correct Sentence and for Expedited Review, filed December 19, 2016 (Doc. 14).  Unlike the circumstances of a typical civil lawsuit, however, Allen's subsequent filing of a similar action would not expose the United States to damages or liability.  See 28 U.S.C. § 2255.  A § 2255 motion instead allows a criminal defendant to seek relief from an allegedly illegal or unconstitutional sentence, such that the "[in]equities" facing Allen if the Court were to dismiss his action with prejudice are significant.

See 28 U.S.C. § 2255(h).  See also Ohlander v. Larson, 114 F.3d at 1537.

Additionally, Allen has offered a sufficient explanation of his need for a dismissal.  See Motion at 2-3.  Namely, the Supreme Court of the United States' recent opinion in Beckles v. United States, 580 U.S. ___, No. 15-8544, slip op. (March 6, 2017), rejected Allen's argument that his sentence enhancement under the guidelines is subject to constitutional challenge under the void-for-vagueness doctrine.  See § 2255 Motion.

The Tenth Circuit has addressed similar circumstances where a "change in the law" affected the merits of a habeas petitioner's argument, spurring him to seek dismissal without prejudice after, as here, the magistrate judge had already filed his proposed findings and recommended disposition.  See Hurd v. Mondragon, 851 F.2d 324, 328-29 (10th Cir. 1988).  There, the Tenth Circuit held that it was not an abuse of discretion for the lower court to deny the petitioner's motion.  See Hurd v. Mondragon, 851 F.2d at 329.  However, the court there rested its holding in part on the fact that "[a]ny 'change in the law,' as suggested by counsel, occurred over three months *prior* to the report of the magistrate." Hurd v. Mondragon, 851 F.2d at 329 (emphasis in original).  The court explained that where "there was no 'change in law' subsequent to the date of the magistrate's report[,]" the petitioner "had no 'right' to withdraw his petition." Hurd v. Mondragon, 851 F.2d at 329 (internal citation omitted).

Here, in contrast, the Honorable Gregory Wormuth, United States Magistrate Judge, filed his Proposed Findings and Recommended Disposition, filed February 27, 2017 (Doc. 17)("PFRD"), and the Supreme Court subsequently issued its opinion in Beckles v. United States on March 6, 2017.  See PFRD at 1.   Therefore, the situation before the Court is not one where Allen has merely read the "clear []writing on the wall in the form of the magistrate's report" and conceded defeat based on the contents therein.  Hurd v. Mondragon, 851 F.2d at 329.  See Haro-Arteaga v. United States, 199 F.3d 1195, 1196-97 (1999).  Rather, Allen's explanation for

- 3 -

withdrawal rests on a clear change in the law that occurred after Magistrate Judge Wormuth issued his PFRD.  See Motion at 2-3.  In such a situation, a voluntary dismissal at this juncture need not be with prejudice.  See Hurd v. Mondragon, 851 F.2d at 329.

Given the significant hurdle Allen would face in filing a second or successive § 2255 motion if the Court dismisses the present one with prejudice, coupled with the fact that he is no longer in federal custody, Allen wishes to voluntarily withdraw the current motion.  See U.S.C. § 2255(h); Motion at 2-3.  See also Haro-Arteaga v. United States, 199 F.3d at 1197 (finding that a § 2255 motion filed after two earlier motions had been voluntarily dismissed would not be barred because "'in order for a habeas petition to be considered successive, the previous motion must have been denied on the merits.  The district court must have engaged in substantive review.'")(quoting with approval Garrett v. United States, 178 F.3d 940, 942 (7th Cir. 1999)).  The merits of Allen's § 2255 motion have not yet been considered by the Court in light of the now-controlling precedent of Beckles v. United States, which would be essential to any substantive review thereof.  See 580 U.S. ___, No. 15-8544, slip op. at 5.  Under these circumstances, it cannot be said that Allen is motivated to withdraw his petition because of a strategic evaluation of Magistrate Judge Wormuth's substantive review of the case's merits, justifying a dismissal with prejudice.  See Hurd v. Mondragon, 851 F.2d at 329.  Moreover, the United States has offered no basis for a finding that prejudice to it would result from granting Allen's Motion.  Absent such a showing, dismissal without prejudice is appropriate.  See Brown v. Baeke, 413 F.3d at 1123-24.  Being fully advised, therefore, the Court concludes the Motion is sound.

**IT IS ORDERED** that: (i) Defendant/Petitioner's Motion for Voluntary Dismissal Without Prejudice, filed March 13, 2017 (Doc. 18), is granted; and (ii) his Motion to Vacate and Correct Sentence Under 28 U.S.C. § 2255 and for Expedited Review, filed June 15, 2016 (Doc.

1), is dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

James Tierney
  Acting United States Attorney
Sarah Jane Mease
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Respondent/Plaintiff*

George L. Bach, Jr.
Albuquerque, New Mexico

    *Attorney for the Petitioner/Defendant*